## *In re* O'SULLIVAN and 71 other Irish Immigrants.

*(Circuit Court, S. D. New York.* June 14, 1887.)

1. HABEAS CORPUS—SPECIAL TRIBUNAL—COMMISSIONERS OF EMIGRATION—REVIEW OF PROCEEDINGS.

Upon *habeas corpus,* the proceedings of a special tribunal may be inquired into, so far as to ascertain whether it has kept within the line of its authority and of its statutory powers.

2. ASSISTED IMMIGRANTS — DETENTION FOR RETURN — PAYMENT OF PASSAGE MONEY BY FOREIGN GOVERNMENT.

The act of August 3, 1882, does not authorize an immigrant to be detained for the purpose of being returned, unless, after examination, he is found by the commissioners to be a "convict, lunatic, idiot, or person unable to take care of himself without becoming a public charge." There is no authority to forbid a final landing, except upon a finding by the commissioners of some one of those four facts, and a report of the facts to the collector. Payment of the passage money by a foreign government is only *evidence* of inability, not necessarily conclusive; and upon a traverse to the return on *habeas corpus,* it being proved that the commissioners had not found or reported either of the above statutory facts, and voted that the person "be not allowed to land," *held* insufficient; and the commissioners, upon opportunity given by the court for a further examination and report, not desiring to make any further examination, the immigrants were discharged.

*Habeas Corpus.*
*Biddle & Ward,* for petitioners.
*W. W. Rowley,* for the Board of Emigration.

BROWN, J. The above-named petitioners, being Irish immigrants, arrived at this port on the fourth of June, 1887, on board the City of Chester. They have been brought before the court upon a writ of *habeas corpus,* procured upon a petition averring that they are illegally detained by the commissioners of emigration. The return to the writ states that they are held under the provisions of the act of congress of August 3, 1882, (22 St. at Large, 214,) upon an order made by the commissioners on the ninth of June, after an examination into the circumstances of the immigrants, declaring that they were "likely to become public charges, and should not be allowed to land." Objection was made to the form of the return to the writ, in that neither the return, nor the order set up in it, states that the commissioners had found that any one of the immigrants was "a convict, a lunatic, an idiot, or a person unable to take care of himself without becoming a public charge;" and it being suggested, in reply, that this was a formal omission only, to be cured by amendment, the relators thereupon put in a traverse, denying that any such order had been made by the board of commissioners, or that there has been any examination by the board such as is required by the statute, or any finding of either of the facts that is made by statute a legal cause of detention. Witnesses have accordingly been examined as to the proceedings of the commissioners in respect to the nature of the examination made by the board, and whether the board on such examination has found, or has reported to the collector, either of the facts upon which the statute authorizes the relators to be sent back.

The evidence of the commissioners and of the secretary of the board shows that the immigrants are healthy, able-bodied, and, in general, rather above than below the ordinary immigrants entering at this port; that the board has not made any finding that the immigrants detained, or any of them, were "convicts, lunatics, idiots, or persons unable to take care of themselves without becoming a public charge;" that the question chiefly discussed before them was the fact that their passage money to this country had been paid by the British government; that the board thereupon voted or resolved "that they be not allowed to land;" and that their records show no other finding or determination.

It is competent for this court, and it is its duty, upon a writ of *habeas corpus*, in inquiring into the cause of detention, to ascertain and to determine whether a special tribunal in the exercise of its functions keeps within the limits of its statutory powers; and to adjudge its proceedings void, if its action is in excess of its authority. So long as the special tribunal acts within the powers conferred by statute, its determination of the facts that are submitted to its judgment is final and conclusive, except upon some review specially authorized by law. The commissioners are authorized by the act of August 3, 1882, to examine immigrants coming to this country, and to ascertain whether any one "is a convict, lunatic, idiot, or a person unable to take care of himself or herself without becoming a public charge;" if so, they "shall report the same in writing to the collector of the port, and such person shall not be permitted to land." This is the authority, and the sole authority, of the commissioners applicable to the present inquiry. They are required to ascertain the fact as respects the four categories named, and, if they find any person within either category, they must report "the same" to the collector; that is to say, they must ascertain and report the fact, if any, that authorizes detention. It is only upon such a finding and report to the collector that the law requires the persons to be sent back. The law has not authorized the commissioners, or any other officer, or this court, to say that these immigrants shall not land upon any other ground than one of the four above specified.

The evidence, upon the testimony of the commissioners themselves, leaves no doubt that the board did not make any finding upon either of the facts required. The resolution passed by the board was simply "that they be not allowed to land," without any finding or determination of any of the statutory facts authorizing detention. It has not been reported to the collector that any one of these persons is "a convict, a lunatic, an idiot, or a person unable to take care of himself without becoming a public charge." It is only upon a report specifying some one of these findings that the final refusal of a landing is to be adjudged, and a return of the immigrants required. The evidence is that the only fact on which the resolution of the board was based, was that the passage money for the immigrants had been paid by the British government. This fact is doubtless a proper and an important one to be considered in determining the question whether the immigrants are or are not "able to take care of themselves without becoming a public charge;" but that fact alone

does not constitute inability to take care of themselves, nor is it necessarily conclusive evidence of it. Its force is as evidence only in respect to the ultimate fact which the commissioners are called on to decide, viz., whether these immigrants were "unable to take care of themselves;" and that question, it is clear from the testimony, the board has never yet determined. It is very plain, therefore, that no legal cause is shown for detaining the prisoners for the purpose of sending them back; because the board has not found any one of the facts that are the legal conditions of the statutory inhibition.

As the immigrants, however, are still in the custody of the commissioners, the board has still power to make a further examination in respect to the facts submitted to its determination by the statute. The commissioners alone have the authority to determine these facts, upon a proper examination and finding. Such was the ruling of this court in the *Case of Day*, 27 Fed. Rep. 678. If the board, upon any proper examination, finds that the immigrants "are unable to take care of themselves without becoming a public charge," and so reports to the collector, that is conclusive. If the commissioners, therefore, desire to make any finding or report upon this question, they are authorized to do so; and this proceeding will be suspended for that purpose, or the prisoners remitted to the custody from whence they were taken, until the lapse of a reasonable time for that purpose, as counsel may elect.

Several of the commissioners being present in court, after a consultation among themselves with their counsel, it was stated to the court that they did not wish to make any further examination or finding; and thereupon the immigrants were discharged.